Filed 3/22/22  Woods v. Superior Court CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BYRON O. WOODS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, <br><br> Defendant and Respondent. | B313502 <br><br> (Los Angeles County Super. Ct. No. 20LBCV00525) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Marc C. Kim, Judge.  Affirmed.

Byron O. Woods, Sr., in pro. per., for Plaintiff and Appellant.

Cummings, McClorey, Davis, Acho & Assoc., Sarah L. Overton, for Defendant and Respondent.

———————————————

Plaintiff and appellant Byron O. Woods brought this 42 United States Code section 1983 action (1983 action) against the Superior Court of California (the Superior Court), alleging claims for damages arising from the court clerk's mishandling of a City of Long Beach prosecution against Woods for driving while under the influence (DUI).[1] Woods alleges that from 2011 to 2013, the clerk failed to notify him about the filing of the criminal complaint, to correctly index the complaint, to notify Woods about fees and fines he had to pay as part of the judgment, to hold a hearing to assess whether Woods could pay the fees and fines, or to waive an attorney fees assessment. Woods alleged that as a result he was denied law enforcement jobs at unspecified times during the ensuing nine years, and denied internships with the District Attorney's and Public Defender's Offices in 2020. The trial court sustained the Superior Court's demurrer to the complaint without leave to amend on the grounds that the complaint was time-barred and the Superior Court enjoyed absolute immunity for the quasi-judicial conduct of its clerk.

We affirm. A court is absolutely immune from liability arising from a court clerk's performance of quasi-judicial duties.

---

[1] Woods originally named the "City of Long Beach Clerk's Office, Governor George Deukmejian Courthouse" as the defendant, then amended the complaint to name the "Superior Court of California, County of Los Angeles, Governor George Deukmejian Courthouse" and "County Clerk's Office, Superior Court of California, County of Los Angeles, Governor George Deukmejian Courthouse" as defendants. On appeal, Woods moved to change the caption of this case to name the "Superior Court of California, County of Los Angeles, et al." as defendants. We grant the motion in part, as reflected in the caption above.

## BACKGROUND

We take the facts from the first amended complaint, assuming they are true for purposes of this appeal, and from court records of which the trial court took judicial notice.

On September 14, 2011, Woods appeared for arraignment in an underlying DUI action, but when his case was not called the court clerk informed him no complaint had been filed, and gave him a document indicating he had properly appeared. On October 5, 2011, Woods was informed that a bench warrant had nevertheless been issued for his arrest due to his failure to appear. He appeared at the warrant hearing the following day and was given a new arraignment date of October 20, 2011. He appeared on that date, pled nolo contendere to DUI, and was sentenced to three years of probation; payment of a fine or performance of community service in lieu thereof; enrollment in an alcohol education and counseling program; and payment of $129 in attorney fees pursuant to Penal Code section 987.8, $120 in court costs, $100 in restitution, and $129 in booking fees.

On the advice of a financial evaluator in the Public Defender's Office, Woods performed community service in lieu of paying some of the fines, but the court's records continued to show they were still owing. As a result of the nonpayment, the court scheduled a hearing for which Woods, who had moved and believed no cause remained to update the court on his address, received no notice. When he failed to appear, additional fines and fees were assessed. Woods paid all amounts by August 23, 2013, but the court clerk "quietly and without notice" submitted his case "to collections" for failure to pay a $159 attorney fee assessment.

After 2011, Woods applied to several law enforcement jobs, and in 2020 applied for internships with the Riverside County District Attorney's Office and the San Bernardino Public Defender's Office. All agencies rejected his applications due to his extant DUI case.

On August 11, 2020, Woods learned for the first time that the DUI from 2011 remained open due to the unpaid attorney fee assessment, although the court clerk continued to inform him he owed no money. Woods alleged that the clerk breached a duty pursuant to Penal Code section 987.8 to give him notice of the assessment and hold a hearing to determine his ability to pay it.

Woods sued the Superior Court on September 14, 2011, under 42 United States Code section 1983, alleging "[t]he Clerk's office failed to perform a mandatory judicial ministerial function . . . by failing to place [Woods's] misdemeanor information on the [Superior Court's] index," and failed to comply with Government Code sections 815.6 and 69842. Woods alleged the court clerks "should be liable because of their failure to perform that judicial act, which was a mandatory judicial act in violation of a declaratory decree, Gov. Code Section 69842." He alleged that the clerks' "quasi-judicial immunity for this mandatory ministerial function should be abrogated due to their egregious actions."

Woods prayed for an order correcting the record in the underlying DUI action; a determination why the court clerk failed to notify him that the fees and fines were due; an order finding that the Superior Court erred in issuing a bench warrant for his failure to appear at the initial arraignment; and $1 million in damages.

The Superior Court demurred to Woods's first amended complaint, which is operative, arguing the state was immune from liability under the Eleventh Amendment to the United States Constitution, the Superior Court as a judicial body was immune from liability in its own right, the action was time-barred, and Woods failed to allege facts sufficient to state a cause of action.

On April 8, 2021, the trial court issued a tentative ruling, which it adopted after oral argument, sustaining the demurrer without leave to amend. The court found that because the alleged actions of the Superior Court clerks were judicial in nature or part of the judicial process, the clerks enjoyed absolute quasi-judicial immunity from liability, which the Superior Court as their employer also enjoyed pursuant to Government Code section 815.2, subdivision (b).

The court further found that based on the face of the complaint, Woods was on notice at least by the bench warrant hearing in October 2011 that the court clerk failed to properly index the DUI complaint, and that he owed the fines and fees assessed at the sentencing hearing on October 20, 2011. The court therefore concluded that the pertinent three-year limitations period ran long before Woods filed his complaint in 2020. Finding these defects could not be cured by amendment, the court sustained the demurrer without leave to amend.

Woods appeals from the resulting judgment.

## DISCUSSION

Woods contends the trial court erred in sustaining the Superior Court's demurrer because the immunity enjoyed by court clerks when performing quasi-judicial duties does not apply when the duties are mandatory. We disagree.

5

Preliminarily, the Superior Court argues Woods's appeal should be dismissed because he (1) certified an inadequate record that fails to include the demurrer or opposition; (2) certified an inaccurate record that includes documents not before the trial court; and (3) fails to support his arguments with citation to the record or pertinent authority. Because the record is adequate to afford meaningful review, we will ignore any such delicts.[2]

On review of a trial court's order sustaining a demurrer we "examine the complaint de novo." (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.) "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. [Citations.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

"A public entity is not liable for an injury," "[e]xcept as otherwise provided by statute." (Gov. Code, § 815, subd. (a).) "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an

---

[2] For the same reason, we deny the court's motion to strike documents Woods filed on appeal that were not before the trial court.

6

employee of the public entity where the employee is immune from liability." (Gov. Code, § 815.2, subd. (b).)

A judicial officer is immune from liability arising from his or her exercise of judicial authority. (*Bradley v. Fisher* (1871) 80 U.S. 335, 347; see also *Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 852 [judicial immunity is "deeply rooted in California law"].)

Judicial immunity extends "to persons other than judges if those persons act in a judicial or quasi-judicial capacity." (*Howard v. Drapkin, supra*, 222 Cal.App.3d at pp. 852-853.) As pertinent here, that immunity extends to court clerks performing purely administrative duties that are part of the judicial process. (*In re Castillo* (9th Cir. 2002) 297 F.3d 940, 952; *Rodriguez v. Weprin* (2d Cir. 1997) 116 F.3d 62; *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada* (9th Cir. 1987) 828 F.2d 1385, 1390 ["[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process"]; *Castillo*, at p. 1273 ["court personnel are immune from administrative tasks if these tasks are 'judicial in nature and an integral part of the judicial process' "].)

"[A]bsolute judicial immunity extends not only to claims for damages but to actions for equitable relief as well." (*Twin Sisters Gun Club v. Emlen* (E.D. Cal., Mar. 15, 2018, No. 2:17-cv-01526-MCE-GGH) 2018 U.S. Dist. Lexis 43030, at pp. *25-26.)

Here, Woods alleges that the Superior Court's clerks failed to properly index his DUI case or notify him about fines and fees. These are administrative tasks that are judicial in nature and an integral part of the judicial process. The clerks are therefore absolutely immune from liability for injuries arising from performing or failing to perform those tasks. Because the clerks

are immune, so too is the Superior Court. (Gov. Code, §§ 815, subd. (a), 815.2, subd. (b).) Therefore, its demurrer was properly sustained.

Woods concedes the court clerks' actions were part of the judicial process, and recognizes that the clerks enjoy absolute quasi-judicial immunity, but argues (with citation to no authority except a repealed article of the Maryland Annotated Code titled "Clerks of Courts") that immunity should not apply here because the clerks' duties were mandatory rather than discretionary, and because the clerks breached a plea agreement Woods had reached with the judge presiding over the underlying DUI action.

The argument is without merit. Many of a court clerk's duties pertain to substantial rights, including constitutional rights, and affect such things as plea agreements, settlement arrangements, and so forth. And many are imposed upon the clerk in mandatory language. But judicial immunity makes no distinction between mandatory and discretionary duties, or harmful versus innocuous consequences resulting from the breach of those duties.

Immunity protects the freedom of a judicial officer "to act upon his [or her] own convictions, without apprehension of personal consequences to himself [or herself]. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful." (*Bradley v. Fisher*, *supra*, 80 U.S. at p. 347.) That freedom must be protected whatever the origin or nature of judicial duty, whether mandatory or discretionary, momentous or routine.

In *Mullis v. United States Bankruptcy Court for the District of Nevada*, for example, the plaintiff alleged that the court clerks improperly accepted a bankruptcy petition for filing, failed to accept a proper amended petition, and failed to give required notice regarding the bankruptcy petition. (*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, supra*, 828 F.2d at p. 1385.) The court held that absolute quasi-judicial immunity applied to the clerks' action regardless of whether it exceeded the bankruptcy court's jurisdiction, and "even if it result[ed] in 'grave procedural errors.'" (*Id*. at p. 1390.)

So too here. Woods well recognizes the doctrine of absolute quasi-judicial immunity—he cites it in the complaint and cogently sets forth its parameters both there and in his briefing on appeal. He simply urges that an exception be made under the circumstance of this case. But no authority or principle supports such an exception.

Given the Superior Court's absolute immunity, Woods offers no theory or facts under which he could amend the complaint to state a cause of action, and we discern none. We therefore conclude that leave to amend was properly denied.

We need not reach whether Woods's complaint was time-barred, whether the Superior Court enjoys sovereign immunity under the Eleventh Amendment, or whether absent defendant's immunity the complaint would adequately state a cause of action.

9

## DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED

                                        CHANEY, J.

We concur:


ROTHSCHILD, P. J.


CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.